UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA         : | |
| : | Case No. 14-CR-121 (RJL) |
| v.         : | |
| : | |
| FOKKER SERVICES B.V.,         : | |
|     Defendant.         : | |

**GOVERNMENT'S UNOPPOSED MOTION TO DISMISS WITH PREJUDICE
THE CRIMINAL INFORMATION**

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the District of Columbia (hereinafter the "United States" or the "government") hereby moves to dismiss with prejudice the Criminal Information filed in the above captioned matter charging the Defendant, Fokker Services B.V. (hereinafter "FSBV" or the "Defendant"), with conspiracy to violate the International Emergency Economic Powers Act, 50 U.S.C. § 1705 ("IEEPA") and the sanctions-based regulations promulgated thereunder.

Procedural Background

On June 23, 2010, FSBV disclosed to the United States government, through the Department of Commerce's Bureau of Industry and Security ("BIS") and the Department of the Treasury's Office of Foreign Assets Control ("OFAC"), that the company had violated U.S. export control laws by engaging in transactions with entities operating in U.S.-sanctioned countries, specifically, Iran, Sudan, and Burma, dating back to 2005. Subsequently, with the assistance of outside counsel, FSBV submitted to BIS and OFAC a supplemental disclosure in December 2010 that articulated the results of an extensive internal investigation. Upon receipt of the company's disclosures, various agencies within the United States government opened investigations focused on FSBV's conduct in violation of U.S. export control laws and regulations.

After completion of the government's investigations and extensive negotiations between the parties, including counsel from BIS and OFAC, in early June 2014, FSBV and the government reached a global resolution of the criminal and administrative investigations. To that end, on June 5, 2014, the government filed an Information, a Deferred Prosecution Agreement ("DPA") with accompanying Statement of Offense, and a Joint Consent Motion for Exclusion of Time Under the Speedy Trial Act. At the initial June 25, 2014, status conference, the Court requested that the government submit a pleading in support of the DPA. On July 7, 2014, the government submitted a memorandum in response to the Court's request. Subsequently, the Court directed that the parties submit an additional pleading supporting the DPA, and on July 18, 2014, the parties complied with the Court's request and filed a supplemental memorandum in support of the DPA.

On February 5, 2015, the Court issued an Order and accompanying Memorandum Opinion denying the parties' Joint Consent Motion for Exclusion of Time Under the Speedy Trial Act. Shortly thereafter, both FSBV and the government filed timely notices of appeal and a petition for a writ of mandamus.

On September 11, 2015, the United States Court of Appeals for the District of Columbia Circuit (hereinafter "Circuit Court") presided over the oral argument of the parties' appeals and petition for a writ of mandamus, and on April 5, 2016, the Circuit Court issued its opinion granting the government's petition for writ of mandamus, vacating the Court's February 5, 2015, Order, and remanding the matter for proceedings consistent with the Circuit Court's opinion.

Summary of Deferred Prosecution Agreement

The parties agreed to an 18-month DPA and that the DPA would commence upon filing of the Criminal Information against FSBV— i.e., June 5, 2014. Consequently, the 18-month period of deferred prosecution ended on December 5, 2015.  FSBV agreed to a number of obligations under the DPA, including, among other things, (a) FSBV's public acknowledgement and acceptance of

responsibility of its systemic historical criminal conduct, (b) the termination of the criminal conduct at issue and referenced in the Statement of Offense attached to the DPA, (c) continuation of FSBV's cooperation with the government, (d) continuation of FSBV's remediation efforts focused on ensuring no future IEEPA violations, (e) the settlement of all FSBV civil claims currently held by OFAC and BIS, complete with the satisfaction of any civil penalties levied against FSBV for the criminal conduct set forth in the Statement of Offense, and (f) FSBV's payment of a $10.5 million criminal penalty. Pursuant to the DPA, if FSBV fully complied with all of the terms and obligations under the DPA, the United States would seek dismissal with prejudice of the Criminal Information filed against FSBV.

<u>FSBV Has Satisfied All of the Terms Under the DPA</u>

With respect to the obligations imposed on FSBV under the DPA, the United States understands and states that FSBV has fulfilled all of the conditions imposed on it by the DPA. Since FSBV filed its initial disclosures with BIS and OFAC in June 2010, FSBV has continually cooperated with the government in the instant investigation focused on its conduct in violation of U.S. export control laws and regulations as well as multiple other matters being investigated by the government. Further, FSBV has maintained its remediation efforts throughout the period of deferred prosecution.

Moreover, since the issuance of the Circuit Court's opinion on April 5, 2016, FSBV has paid the forfeiture amount and the civil penalty imposed on the company. Specifically, on May 24, 2016, FSBV paid $10.5 million to satisfy the forfeiture obligation imposed by the DPA and on June 3, 2016, FSBV paid an additional $10.5 million to satisfy the civil penalty imposed by BIS's civil settlement agreement with FSBV. In addition, both BIS and OFAC have informed the government that FSBV has fully complied with all of the terms of its settlement agreements with BIS and OFAC.

Conclusion

Given that the government determined that FSBV voluntarily disclosed its violations to the United States government, has fully cooperated with the United States, complied with all of the terms and obligations under the DPA, paid $21 million in penalties which is an amount equal to the gross revenue FSBV earned as a result of the unlawful conduct and approximately three and one-half times the company's earned profit related to the unlawful conduct, and not otherwise violated the DPA, and in light of the instant motion being unopposed, the United States therefore submits that dismissal with prejudice of the Information is appropriate under the circumstances. See, e.g., Rinaldi v. United States, 434 U.S. 22, 29-30 (1977) ( "[t]he salient issue … is not whether the decision to maintain the federal prosecution was made in good faith but rather whether the Government's later efforts to terminate the prosecution[, by way of filing a Rule 48(a) motion,] were … tainted with impropriety"); United States v. Fokker Services B.V., 818 F.3d 733, 742-43 (D.C. Cir. 2016) (discussing the court's authority when evaluating Rule 48(a) motions and stating that "the leave of court authority gives no power to a district court to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority"); United States v. Henderson, 951 F.Supp.2d 228, 232 (D.Mass. 2013) (granting the government's Rule 48(a) motion to dismiss with prejudice and recognizing that "in the larger scheme of criminal justice proceedings, it is for the government to make the decision whether further pursuing prosecution [] is a fair, reasonable, and proportionate exercise of prosecutorial discretion") (internal quotations and citations omitted).

WHEREFORE, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States respectfully requests this Court grant the Government's Unopposed Motion to Dismiss With Prejudice the Criminal Information in the above-captioned matter. A proposed Order is attached.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

_____/s/_____
Maia Luckner Miller, VA Bar: 73221
Assistant United States Attorney
National Security Section
555 4th Street, N.W.
Washington, D.C. 20530
Maia.Miller@usdoj.gov
(202) 252-6737

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of this motion was served upon counsel of record for the defense via electronic mail.

_____/s/_____
Maia Luckner Miller,
Assistant United States Attorney